**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JUSTIN PAUL HUTCHENSON,

     Plaintiff,

v.                             Case No. 8:26-cv-664-TPB-TGW

HILLSBOROUGH COUNTY,
FLORIDA, et al.,

     Defendants.
_____/

**ORDER DENYING PLAINTIFF'S "EMERGENCY MOTION FOR**
**TEMPORARY RESTRAINING ORDER AND REQUEST FOR EXPEDITED**
**CONSIDERATION" AND "MOTION FOR PRELIMINARY INJUNCTION"**

This matter is before the Court on Plaintiff Justin Paul Hutchenson's

"Emergency Motion for Temporary Restraining Order and Request for Expedited

Consideration" (Doc. 3) and "Motion for Preliminary Injunction" (Doc. 4), filed *pro se*

on March 13, 2026. After reviewing the motions, court file, and the record, the

Court finds as follows:

**Background**

The case arises from the issuance of multiple writs in state court to

dispossess Plaintiff Justin Paul Hutchenson of his travel trailer residence. Plaintiff

sues Defendants Hillsborough County, Florida, Hillsborough County Clerk of Court

and Comptroller, Hillsborough County Sheriff, John Doe #1 (Deputy Clerks of the

State of Florida) and John Doe #2 (Sheriff's Deputies of the State of Florida) for

alleged violations of his constitutional rights. According to the allegations in the

complaint, in 2023 and 2024, Defendants executed writs of possession and replevin

on Plaintiff's travel trailer residence located in Plant City, Florida, removed him from the residence, and caused Plaintiff to lose access to his personal property. Plaintiff claims that the writs were issued in error and without a lawful possession determination, eviction proceeding, or a trial.

On March 13, 2026,  Plaintiff filed a complaint asserting claims for (1) violation of procedural due process rights under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 (Count I), (2) unreasonable seizure under the Fourth Amendment pursuant to § 1983 (Count II), (3) violation of his First Amendment right to petition (Count III), and (4) municipal liability (presumptively under §1983) (Count IV).  In the pending motions, Plaintiff moves for a temporary restraining order and a preliminary injunction, requesting the Court: (1) restrain Defendants from executing future enforcement actions without judicial process, (2) require Defendants to refrain from undertaking enforcement actions based upon erroneous, irregular, or facially invalid court process, and (3) set Plaintiff's motion for preliminary injunction for a hearing.

### Legal Standard

A district court is authorized to issue a temporary restraining order without notice to the adverse party only in *very limited* emergency circumstances.  *See* Fed. R. Civ. P. 65(b); M.D. Fla. Local Rule 6.01.  A motion seeking a temporary restraining order must be supported by allegations of specific facts shown in the verified complaint or accompanying affidavits, not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical.

To obtain either a temporary restraining order or a preliminary injunction, a movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 16 (2020). "A preliminary injunction is an extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly stablish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (internal quotations omitted).

<u>**Analysis**</u>

Plaintiff has failed to meet his burden for the issuance of a temporary restraining order or preliminary injunction in this case.

First, as to his request for a temporary restraining order, Plaintiff has failed to plead or demonstrate that irreparable injury is so imminent that a hearing on the motion for a temporary restraining order is impractical. In his unsworn motion, Plaintiff alleges generally that an erroneous writ was executed against his property. However, the exhibits attached to his complaint show that writs of replevin were executed against his property in June 2023 and December 2023, and a writ of possession was executed against his property in May 2024. Although it has been years since the execution of these writs, Plaintiff offers no additional or specific

facts to show that the current situation constitutes an emergency.[1]  Importantly, Plaintiff also does not detail any efforts made to give notice of the TRO motion to Defendants, and he does not provide any legitimate reason why notice should not be required.  Absent a showing of an emergency, the Court is not able to address Plaintiff's allegations without input from Defendants.

Moreover, as to the request for a TRO, Plaintiff has not tendered or offered to tender any amount of security, nor has he asserted any facts or legal arguments that he would be entitled to a waiver of the security requirement.  *See* Fed. R. Civ. P. 65(c) ("The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security."); *see also Cassidy v. Citrus County Mosquito Control District*, No. 5:25-cv-43-WFJ-PRL, 2025 WL 506686, at *2 (M.D. Fla. Feb. 14, 2025) (Jung, J.) (denying issuance of temporary restraining order in part because the plaintiff failed to address any amount of security to be held by the court); *Hickman v. Jordan*, No. 6:25-CV-159-PGB-DCI, 2025 WL 436765, at *3 (M.D. Fla. Feb. 7, 2025) (Byron, J.) (denying motion for temporary restraining order for, among other things, failing to address the matter of security).

Next, considering within the context of both a TRO and preliminary injunction, Plaintiff fails to plead or demonstrate a substantial likelihood of success on the merits at this stage of the proceedings.  While he pleads generally that his

---

[1] The Court notes that the timeliness of the requested injunctive relief weighs against the issuance of a temporary restraining order or preliminary injunction.  The exhibits attached by Plaintiff to support his request are writs executed in 2023 and 2024, and the instant motion was not filed until March 13, 2026.  "A delay in seeking a preliminary injunction of even only a few months—though not necessarily fatal—militates against a finding of irreparable harm."  *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2026).

constitutional rights have been violated, Plaintiff does not appear to state any facially sufficient claims, and more importantly here, he does not assert any facts showing a *substantial* likelihood of success on the merits of his claims. *See Ushery v. Antonelli*, No. 5:21-cv-611-BJD-PRL, 2022 WL 1267623, at *2 (M.D. Fla. April 28, 2022) ("That Plaintiff may have stated a plausible claim against one or more Defendants does not mean he has demonstrated a likelihood of success on the merits of such a claim.").

In addition, Plaintiff has failed to plead or demonstrate irreparable injury, which is fatal to his requests for both a TRO and preliminary injunction. To the extent Plaintiff seeks money damages, he would have an adequate remedy at law, so his injury would not be irreparable. *See Northeaster Florida Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) (explaining that economic or financial injuries are fully redressable through an award of money damages and are therefore generally not irreparable). To the extent Plaintiff seeks injunctive relief, his fear of future enforcement actions appears speculative at best, and he does not allege any specific facts demonstrating a current risk or danger of improper conduct by Defendants. *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (explaining that asserted irreparable injury "must be neither remote nor speculative, but actual and imminent"); *see also Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (explaining that "a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury."). It also does not appear that there can be irreparable

injury where an injunction instructing a defendant to "obey the law" is "so broad and vague" that a district court is incapable of enforcing it. *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999); *see also Hatcher ex rel. Hatcher v. DeSoto County School Dist. Bd. of Educ.*, No. 2:13-cv-138-FtM-99DNF, 2013 WL 1395829, at *1 (M.D. Fla. April 5, 2013) ("[A] preliminary injunction which merely compels a party to 'obey the law' is impermissible.").

Because Plaintiff has failed to meet the high burden for the issuance of a TRO and a preliminary injunction, Plaintiff's motions are denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1)    Plaintiff's "Emergency Motion for Temporary Restraining Order and Request for Expedited Consideration" (Doc. 3) is hereby **DENIED**.

(2)    Plaintiff's "Motion for Preliminary Injunction" (Doc. 4) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of March, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE